IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lashaun Monique Davis,<br>      Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin,<br>Commissioner of Social Security,[1]<br>      Defendant. | Civil Action No. 6:12-3631-TMC-KFM<br>**REPORT OF MAGISTRATE JUDGE** |

    This case is before the court for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) DSC, concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[2]

    The plaintiff brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act.

    The plaintiff protectively filed an application for SSI benefits on September 28, 2009. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff requested a hearing. The administrative law judge ("ALJ"), before whom the plaintiff and an impartial vocational expert appeared on April 29, 2011, considered the case *de novo*, and on May 13, 2011, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended. The ALJ's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council.

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed.R.Civ.P. 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this case.

[2] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

The plaintiff filed this action for judicial review on December 24, 2012. On August 6, 2013, the plaintiff filed a brief in support of her case. On October 21, 2013, the Commissioner moved this court to enter a judgment with an order of reversal and remand of the cause to the Commissioner for further administrative proceedings. Under sentence four of 42 U.S.C. § 405(g), the court has power to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." *See Shalala v. Schaefer*, 509 U.S. 292, 296-98 (1993).

The Commissioner states in the motion for remand that, after additional consideration, further administrative action is warranted in this case. Accordingly, if the court grants the motion, the agency's Appeals Council will remand the case to the ALJ, and the ALJ will be instructed to:

- reevaluate the plaintiff's mental impairment(s) under the special technique;

- reassess the plaintiff's residual functional capacity; and,

- obtain supplemental evidence from a vocational expert at step four; and,

- if warranted, step five of the sequential evaluation

(*See* doc. 23-1 at pp. 1-2). The Commissioner, through counsel, contacted the plaintiff's counsel, Beatrice Whitten, who stated that the plaintiff consents to the motion.

For the foregoing reasons, it is recommended that the district court grant the Commissioner's motion to remand (doc. 26), the Commissioner's decision be reversed, and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action as set forth above.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

October 22, 2013
Greenville, South Carolina